**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MONIQUE WILLIAMS,**<br>Plaintiff,<br>vs.<br>**NATIONAL RAILROAD PASSENGER CORPORATION, ET AL.,**<br>Defendants**.** | CASE NO. 19-cv-00576-YGR<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION THAT THE CLAIM FILED IS IN SUBSTANTIAL COMPLIANCE**<br><br>Re: Dkt. Nos. 27, 31 |

Plaintiff Monique Williams brings this tort action against the City of Richmond (the "City") alleging negligence for dangerous condition of public property arising from a train collision. (Dkt. No. 1-1 ("Compl.") ¶¶ 48-54.)[1] Specifically, plaintiff alleges the City negligently caused a train collision that struck the plaintiff on the train tracks by failing to warn pedestrians adequately of the dangerous conditions or take due care to prevent collisions in an area popular for pedestrian crossings, including by failure to post appropriate warnings via signage or erect barriers to limit pedestrian access. (*Id.* ¶¶ 13-30.) Defendant Amtrak removed the case to this Court on February 1, 2019. (Dkt. No. 1 ("Removal").)

Now before the Court is the City's motion to dismiss (Dkt. No. 31 ("Dismiss")) and plaintiff's related motion that the claim filed is in substantial compliance and petition for relief (Dkt. No. 27 ("Substantial Compliance")). Having carefully considered the pleadings and the papers submitted, the Court **DENIES** the City's motion to dismiss and **GRANTS** plaintiff's motion

---

[1] Plaintiff also brings suit against defendants National Railroad Passenger Corporation ("Amtrak") and Union Pacific Railroad Company ("Union Pacific") for negligence (Count I), negligence for dangerous condition of public property (Count II), negligent training (Count III), negligent entrustment (Count IV), and premises liability (Count V). (Compl. ¶¶ 1, 31-125). The instant motions do not implicate these claims against Amtrak and Union Pacific. Prior defendant County of Contra Costa has been dismissed without prejudice from the case pursuant to stipulation. (*See* Dkt. No. 22).

that claim filed is in substantial compliance.[2]

**I. BACKGROUND**

This action arises from a train accident that occurred on January 10, 2018 at "approximately 11:30 a.m." (Compl. ¶ 13.) The accident occurred "at or near the location of MP 13 of the Union Pacific Railroad Martinez Division, Richmond, California, 94801" and involved an accident with a train operated by Amtrak. (*Id.*) The collision occurred when "Amtrak Train 535 collided with the Plaintiff while she was walking and crossing the railroad tracks to get to a store on the other side of the tracks." (*Id.* ¶ 27.) Plaintiff claims "there is a fence surrounding [the train tracks] with a gate which is unsecured and is associated with a well worn path and thus can be opened and encourages residents living near [the train tracks] and pedestrians to open the gate

---

[2] In connection with its motion to dismiss, the City request the Court take judicial notice of five documents. (Dkt. No. 32 ("RJN").) Specifically, the City requests the Court take judicial notice of the claim documents filed by the plaintiff with the City, including plaintiff's original claim filing, defendant's notice of claim insufficiency, defendant's notice of claim rejection, plaintiff's application to file a late claim or in the alternative amend a claim, and defendant's denial of that application. (*Id.*, Exs. A-E) The City reiterates this request in support of its opposition to plaintiff's motion that the claim filed is in substantial compliance. (*See* Dkt. No. 35, Exs. A-E.) These documents were all filed with the City, which maintains those records, and plaintiff does not contest their validity. Accordingly, the Court **GRANTS** the City's request for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted); *see also Gong v. City of Rosemead*, 226 Cal. App. 4th 363, 368 n.1 (2014) (noting "[t]he court may take judicial notice of the filing and contents of a government claim, but not the truth of the claim").

In connection with her opposition to the City's motion to dismiss and her motion that claim filed was in substantial compliance, plaintiff has included an incident report that is allegedly from Amtrak "which specifically notes the presence of Richmond Police and Richmond Fire Department including the associated investigation report number." (Dkt. No. 37-1.) Plaintiff also filed a declaration attaching exhibits including an alleged copy of the Richmond Fire Department's report of the incident (Dkt. No. 27-2, Ex. F), as well as a number of other exhibits were copies of documents of which the City seeks judicial notice or were already included in the complaint (*See* Dkt. 32, Ex. A-E; Dkt. 27-2, Exs. A, C-E). Plaintiff did not file any formal request for judicial notice of these documents. Defendant opposes the inclusion of extrinsic evidence in plaintiff's opposition and other documents not originally included in the complaint. (Dkt. No. 40 at 3.) Accordingly, the Court **DENIES IN PART** plaintiff's implied request for judicial notice with respect to the Amtrak incident report (Dkt. No. 37-1) and the Richmond Fire Department Report (Dk. No. 27-2, Ex. F), and **GRANTS IN PART** the implied request with respect to the duplicative documents already contained in plaintiff's complaint and the City's request for judicial notice.

2

and cross the tracks to get to a store rather than walk around the property." (*Id.* ¶ 28.)

Following the accident, plaintiff filed a claim with the City and engaged in correspondence with the City about this accident. The following facts are undisputed:

- On March 22, 2018, the City received plaintiff's claim, which asserted that the accident occurred on January 10, 2018. (RJN, Ex. A.)
- The City sent plaintiff a notice of insufficiency regarding the claim on March 28, 2018. (*Id.*, Ex. B.)
- The City sent plaintiff a notice of rejection of the claim on May 9, 2018. (*Id.*, Ex. C.)
- Plaintiff replied with a request for leave to present a late claim or amend and supplement her claim on September 14, 2018 that was received by defendant on September 17, 2018. (*Id.*, Ex. D.)
- The City sent plaintiff a notice of rejection of this late claim application on October 1, 2018. (*Id.*, Ex. E.)

On November 8, 2018, plaintiff filed this action against Amtrak, Union Pacific, and the City in the Superior Court of the State of California, Contra Costa County, captioned *Williams v. Nat'l R.R. Passenger Corp., et al*, Case No. C18-02144. (*See* Compl.) Plaintiff's complaint asserts tort claims against defendants arising from a collision in which a train operated by Amtrak struck plaintiff causing physical injuries "at or near the location of MP 13 of the Union Pacific Railroad Martinez Division, Richmond, California, 94801" on January 10, 2018 at "approximately 11:30 a.m." (*Id.* ¶ 13.) Specifically, plaintiff asserts claims against the City for: (1) negligently operating, designing, maintaining, and/or repairing the train tracks, as well as the surrounding and adjacent property; (2) failing to warn the public of dangerous conditions where the accident took place, including failing to maintain proper signs and pedestrian markings designating the area as unsafe; (3) failing to erect barriers to prevent pedestrian access to the train tracks; and (4) negligently encouraging pedestrians to cross the tracks and in that area by placing a fence and gated area that allowed pedestrian access to the tracks in the area where the accident occurred. (*Id.* ¶¶ 14-17.)

\\
\\

Plaintiff did not specify an amount of damages, but sought relief for general, non-economic damages including "physical, mental and emotional pain" and suffering; special, economic damages including medical expenses, professional expenses, loss of wages and earning capacity, and incidental expenses; costs of the suit; and statutorily permitted damages. (*Id.* at 20.)

Amtrak filed a notice of removal on February 1, 2019, asserting jurisdiction pursuant to 28 U.S.C. § 1331 and that plaintiff's complaint may be removed to this Court by Amtrak pursuant to 28 U.S.C. § 1349. (Removal ¶ 3.)

On June 25, 2019, plaintiff filed a motion that the claim is in substantial compliance, citing her tort claim filed with the city on March 22, 2018, or in the alternative a petition for relief from the claim reporting requirements. (Substantial Compliance at 3-6.) On June 28, 2019, the City filed its motion to dismiss arguing that the plaintiff failed to comply with the claim presentation requirements of the California Tort Claims Act ("CTCA"), and that failure to comply with these requirements "subjects a plaintiff's complaint to a motion to dismiss for failure to state a claim upon which relief can be granted." (Dismiss at 8.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id.* at 678-79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

4

A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to a nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). If a court dismisses a complaint, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also* Fed. R. Civ. P. 15(a). In making this determination, a court must bear in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).

### III. ANALYSIS

The CTCA "requires a plaintiff to file a written claim stating the date, place, and other circumstances of the occurrence or transaction which gave rise to the claim asserted . . . within six months of the accrual of the cause of action." *Mackovski v. City of Garden Grove*, 666 F. App'x. 649, 654 (9th Cir. 2016) (internal citations and quotations omitted); *see also* Cal. Gov't Code §§ 910, 911.2. The purpose of these claim presentation requirements "is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *Mackovski*, 666 F. App'x. at 654.

Under the CTCA, a complaint may be subject to dismissal if the plaintiff fails to file with the public entity a timely claim that substantially complies with the claim presentation requirements. "Timely claim presentation is not merely a procedural requirement, but is a condition precedent to plaintiff's maintaining an action against defendant . . . and thus an element of the plaintiff's cause of action." *Shirk v. Vista Unified School Dist.*, 42 Cal.4th 201, 209 (2007) (superseded by statute on other grounds).

The parties do not dispute that plaintiff filed a claim with the City within the required six-month accrual period. Instead, the instant motions raise two issues: (A) whether the claim filed on March 22, 2018 complied with the claim presentation requirements; and (B) whether the claim fairly reflects the factual allegations in the complaint.

**A. Compliance with Claim Presentation Requirements**

An individual filing a claim under the CTCA must include the following:

> (a) The name and post office address of the claimant.
> (b) The post office address to which the person presenting the claim desires notices to be sent.
> (c) The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted.
> (d) A general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim.
> (e) The name or names of the public employee or employees causing the injury, damage, or loss, if known.
> (f) The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars ($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

Cal. Gov't Code § 910.

Plaintiff's claim timely filed on March 22, 2018 meets the requirements of subsections (a), (b), (d), and (f) on its face. (*See* RJN, Ex. A.) The claim identifies the name and mailing address of the plaintiff, where mail should be sent, the date of the accident, that the injuries are physical due to the train accident, and that the claim is for damages in excess of $10,000 (an unlimited civil case). (*Id.*) The parties do not dispute the satisfaction of subsection (e), as it is unlikely plaintiff could have known or reasonably discovered at the time of claim filing the identities at the of the City employees responsible for the area where the accident occurred. Therefore, the only disputed factor is (c): the location of the accident and the circumstances, actions, or omissions of defendant's employees that give rise to the claim.

While plaintiff's claim does not reflect an abundance of specific location information, the claim does meet the requirements of Section 910 under a substantial compliance analysis. *See*

*Cabrera v. Alvarez*, 977 F. Supp. 2d 969, 980 (N.D. Cal. 2013) (finding that a claim alleging housing and discrimination claims was substantially compliant after "construing all factual inferences in favor of the nonmoving party").

"[A] claim under Government Code section 910 is sufficient if (1) there is 'some compliance with all of the statutory requirements'; and (2) the claim discloses sufficient information to enable the public entity adequately to investigate the merits of the claim so as to settle the claim, if appropriate." *County of Los Angeles v. Superior Court*, 159 Cal. App. 4th 353, 360 (2008) (citing *City of San Jose v. Superior Court*, 12 Cal.3d 447, 456-57 (1974)). Further, "it is not the purpose of the claims statutes to prevent surprise. Rather, the purpose of these statutes is to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose*, 12 Cal.3d at 455. The court in *City of San Jose* considered two types of compliance: "some compliance" cases where there is "compliance with all the required elements—but compliance has been Defective" and cases where "claims were successfully challenged for failure to comply entirely with a particular statutory requirement." *Id.* at 456. Thus, to "gauge the sufficiency of a particular claim, Two tests shall be applied: Is there Some compliance with All of the statutory requirements; and, if so, is this compliance sufficient to constitute Substantial compliance?" *Id.* (capitalization in original).

Although the parties dispute the sufficiency of plaintiff's information regarding subsection (c) requirements, it is clear on the face of the claim that plaintiff provided the following information: her identity and contact information; the date, location and circumstances of the accident giving rise to the claim;[3] a description of the injury suffered; notice to the City of the claim; and a basic estimate of monetary damages. Accordingly, plaintiff's claim addresses each section of the relevant CTCA provisions and satisfies the "some compliance" test. *See City of San Jose*, 12 Cal.3d at 456.

\\

---

[3] The City does not claim that plaintiff provided no information about the location, only that "the claim provided no information indicating the accident occurred in the City." (Dismiss at 11.) Even though the City argues this information is unintelligible, it does not argue plaintiff failed to provide any information about the location of the accident.

Plaintiff's complaint does not include nearby cross streets, geographic coordinates, or otherwise any information that would make it immediately clear to the reader the precise location of the accident. However, substantial compliance does not require plaintiff to provide this level of detail, only "to provide the public entity sufficient information to enable it to adequately investigate claims." *See id.* at 455. Under this standard, reading plaintiff's claim in the light most favorable to her, she has provided the City with the following information about the nature of the accident: the specific date and time when it occurred; that the accident occurred on train tracks along the Martinez line; that it involved an Amtrak train; the hospital that treated the injuries; and that the City maintained or otherwise controlled the property where the accident took place suggesting it occurred within Richmond's city limits. (*See* RJN, Ex. A).

The City argues that the location of the injury is unintelligible in the claim, identifying the location of only "13 UP Martinez." (Dismiss at 10-11.) Defendant also argues that the actions or omission the City took were "only vaguely stated" as the claim stated the City "allowed or created conditions that led to the subject accident taking place" depriving the City an opportunity to investigate the claim. (Dismiss at 10.) The fact that the claim contains a potential mistake (miswriting "13 UP Martinez" instead of "13 MP Martinez" referring to mile post 13) does not mean the claim fails the sufficiency test. *See City of San Jose*, 12 Cal.3d at 456; *see also Rowan v. City etc. of San Francisco*, 244 Cal. App. 2d 308 (1966) (denying a motion to dismiss despite the claim describing the place of accident as "3350 Scott St." instead of "3358-3360 Scott St."); *Johnson v. City of Oakland*, 188 Cal. App. 2d 181 (1961) (denying a motion to dismiss despite the claim indicating accident occurred in front of 1819 35th Avenue instead of 1819 34th Avenue); *Johnson v. City of Los Angeles*, 134 Cal. App. 2d 600 (1955) (denying a motion to dismiss despite the claim indicating accident occurred on southeast corner instead of southwest corner of an intersection). While plaintiff's claim lacks some detail about the location of the accident, understanding that "13 UP Martinez" likely means "13 MP Martinez" is a reasonable inference given the presence of mile markers and a lack of specific street addresses on train tracks. Additionally, trains striking pedestrians is not a frequent occurrence for one city, so the fact that plaintiff included the specific date and time of the accident, as well as the fact that the incident involved an Amtrak train, equips the City with enough information to investigate the claim.

8

Taken together this information is sufficient to allow a City investigator to adequately address plaintiff's claim. Accordingly, plaintiff meets the standard for substantial compliance, especially in light of the public policy of broadly reading what constitutes substantial compliance and providing the opportunity for the issue to be decided on the merits rather than on the pleadings. Claim presentation requirements "should not be applied rigidly or to snare the unwary. Rather, to gauge the sufficiency of a particular claim, the court looks at: (1) whether there is some compliance with all of the statutory requirements; and (2) if so, whether such compliance is sufficient to constitute substantial compliance." *See Bi-Meat & Provisions Co. v. City of Hawaiian Redevelopment Agency*, 156 Cal. App. 4th 1419, 1427-28 (2007) (internal citations and quotations omitted). Plaintiff has provided information consistent with every provision required under the CTCA and has provided sufficient information to constitute substantial compliance.[4]

### B. Variation Between the Claim and the Complaint

The City argues that plaintiff's complaint fatally departs from her claim by changing the location of the accident and by specifying the actions the City took or failed to take. (Dismiss at 14.) The City further argues that "the tort claim was completely devoid of any factual allegations demonstrating that it was a dangerous condition of the City's property that was the basis for Plaintiff's claim." (*Id.*) To support these arguments, the City asserts the "variance between the tort claim and [plaintiff's complaint] is vastly greater than in those cases where California courts have previously found a variance to be fatal to the complaint." (*Id.* at 15.)

"If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, the facts underlying each cause of action in the complaint must have been fairly reflected in a timely claim. Even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim." *Stocket v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal.4th 441, 447 (2004) (internal quotations, citations, and alterations omitted); *see also Gong*, 226 Cal. App. 4th at 376.

\\

---

[4] Because the Court finds that plaintiff's claim is in substantial compliance, the Court need not address plaintiff's argument, in the alternative, that in the event that her claim does not substantially comply, she should be allowed to amend her claim or otherwise proceed without the claim procedure.

9

"The claim, however, need not specify each particular act or omission later proven to have caused the injury. A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an entirely different set of facts. Only where there has been a complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim, have courts generally found the complaint barred. Where the complaint merely elaborates or adds further detail to a claim, but is predicated on the same fundamental actions or failures to act by the defendants, courts have generally found the claim fairly reflects the facts pled in the complaint." *Stockett*, 43 Cal.4th at 447 (internal citations and quotations omitted).

In *Stockett*, the California Supreme Court found a plaintiff properly presented a wrongful termination cause of action following plaintiff's claim because the claim provided "sufficient information for the public entity to conduct an investigation into the merits of the wrongful termination claim, and the complaint's free speech and conflict of interest theories of termination in violation of public policy were fairly reflected in the claim because the complaint did not change the fundamental facts of the claim." *Id.* at 450. Just as in *Stockett*, here plaintiff's complaint is based on the same factual allegations and allegedly liability, adding further detail to the initial allegations that the defendant created conditions that led to the train accident and adding greater specificity to the claim that pedestrian access to the railroad tracks was the specific dangerous condition. (*See* RJN, Ex. A.) Thus, the plaintiff's "claim and complaint [are] based on the same foundation." *See Stockett*, 34 Cal.4th at 448 (citing *Blair v. Superior Court*, 218 Cal. App. 221 (1990) (finding that where the claim and complaint were based on the same foundation "because of [the highway's] negligent construction or maintenance, the highway at the scene of the accident constituted a dangerous condition of public property")).

Plaintiff's original claim is vague but does state the City "allowed or created conditions that led to the subject accident taking place. Specifically, pedestrians and others had access to the railroad tracks and area where the subject accident occurred." (RJN, Ex. A.) The allegations in plaintiff's claim fairly reflect the issues raised in the complaint and any differences are not fatally variant as they do not "shift liability to other parties or premise liability on acts committed at

different times or places." *See Stockett*, 34 Cal.4th at 448. Defendant's argument that the complaint's language fatally varied by specifying allegations of negligent property maintenance or design, failure to install adequate warnings, and that City employees created or knew about the dangerous conditions does not show a shift in party or premise liability. Instead the specificity in the complaint flows from the same basic foundation of plaintiff's claim: the City created the conditions that caused the accident by failing to prevent or warn against pedestrian access to the train tracks.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** defendants' motion, as indicated below.

1. The Court **DENIES** defendant's motion to dismiss as it relates to plaintiff's claims against defendant City of Richmond; and
2. The Court **GRANTS** plaintiff's motion that the claim filed pursuant to California Government Code Section 910 is in substantial compliance.

This Order terminates Docket Numbers 27 and 31.

**IT IS SO ORDERED.**

Dated: October 1, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

11